**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| JOSEPH NICOS SNYDER, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK, N.A.,<br><br>Defendant. | Case No. 1:25-cv-26172-KMM<br><br>[Hon. K. Michael Moore]<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Pursuant to the Rule 8(b) of the Federal Rules of Civil Procedure, Defendant Credit One Bank, N.A. ("Credit One Bank") responds to Plaintiff's Class Action Complaint (the "Complaint") as follows:

## INTRODUCTION

1. Credit One Bank admits only that Plaintiff purports to bring this action under the Telephone Consumer Protection Act of 1991, 47 U.S.C. §§ 227(b), (c) (the "TCPA"), but denies that it violated the TCPA or that Plaintiff is entitled to any relief of behalf of himself or the putative classes. Credit One Bank specifically denies that it places "telephonic sales calls" or that it uses equipment considered to be an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA.

2. Credit One Bank denies the allegations contained in Paragraph 2.

3. Credit One Bank admits only that Plaintiff seeks injunctive relief and statutory damages, but denies the remaining allegations contained in Paragraph 3. Credit One Bank specifically denies that it violated the TCPA or that Plaintiff is entitled to any relief on behalf of himself or the putative classes.

4. Credit One Bank admits only that Plaintiff seeks to represent "DNC" classes, but denies that it violated the TCPA or that Plaintiff is entitled to any relief on behalf of himself or the putative classes.

5. Credit One Bank admits only that Plaintiff seeks to represent "DNC" classes, but denies that it violated the TCPA or that Plaintiff is entitled to any relief on behalf of himself or the putative classes. Credit One Bank further denies that it places marketing calls or texts subject to the National DNC Registry.

6. Credit One Bank admits only that Plaintiff seeks to represent "DNC" classes, but denies that it violated the TCPA or that Plaintiff is entitled to any relief on behalf of himself or the putative classes. Credit One Bank further denies that it places calls or texts that would require Prior Express Written Consent ("PEWC") that is required for marketing calls or texts.

7. Credit One Bank denies the allegations contained in Paragraph 7.

## JURISDICTION AND VENUE

8. The allegations contained in Paragraph 8 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

9. The allegations contained in Paragraph 9 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

10. The allegations contained in Paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, Credit One Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10.

11. The allegations in Paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, Credit One Bank admits that it is not contesting that this Court has personal jurisdiction over it but otherwise denies the allegations in Paragraph 11.

12. The allegations in Paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, Credit One Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12.

## PARTIES

13. Credit One Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13.

14. Credit One Bank admits that it is a national banking association with its headquarters located at 6801 S. Cimarron Rd., Las Vegas, NV 89113.

15. The allegations in Paragraph 15 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations contained in Paragraph 15.

## THE TCPA

16. The allegations set forth in the Paragraph 16 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank states that the TCPA and cited material speak for themselves and denies any allegations or characterizations contrary thereto and further denies the remaining allegations in Paragraph 16.

17. The allegations set forth in the Paragraph 17 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank states that the TCPA speaks for itself and denies any allegations or characterizations contrary thereto and further denies the remaining allegations in Paragraph 17.

18. The allegations set forth in the Paragraph 18 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank states that the TCPA speaks for itself and denies any allegations or characterizations contrary thereto and further denies the remaining allegations in Paragraph 18.

19. Credit One Bank denies the allegations contained in Paragraph 19.

20. The allegations set forth in the Paragraph 20 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank states that the TCPA and cited material speak for themselves and denies any allegations or characterizations contrary thereto and further denies the remaining allegations in Paragraph 20.

21. The allegations set forth in the Paragraph 21 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank states that the TCPA and cited material speak for themselves and denies any allegations or characterizations contrary thereto and further denies the remaining allegations in Paragraph 21.

22. The allegations set forth in the Paragraph 22 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank states that the TCPA and cited material speaks for themselves and denies any allegations or characterizations contrary thereto and further denies the remaining allegations in Paragraph 22.

23. The allegations set forth in the Paragraph 23 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank states that the TCPA and cited material speaks for themselves and denies any allegations or characterizations contrary thereto and further denies the remaining allegations in Paragraph 23.

24. The allegations set forth in the Paragraph 24 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank states that the TCPA and cited material speaks for themselves and denies any allegations or characterizations contrary thereto and further denies the remaining allegations in Paragraph 24.

25. The allegations set forth in the Paragraph 25 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One

Bank states that the TCPA and cited material speaks for themselves and denies any allegations or characterizations contrary thereto and further denies the remaining allegations in Paragraph 25.

26. The allegations set forth in the Paragraph 26 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank states that the TCPA and cited material speaks for themselves and denies any allegations or characterizations contrary thereto and further denies the remaining allegations in Paragraph 26.

27. The allegations set forth in the Paragraph 27 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank states that the TCPA and cited material speaks for themselves and denies any allegations or characterizations contrary thereto and further denies the remaining allegations in Paragraph 27.

28. The allegations set forth in the Paragraph 28 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank states that the TCPA and cited material speaks for themselves and denies any allegations or characterizations contrary thereto and further denies the remaining allegations in Paragraph 28.

29. The allegations set forth in the Paragraph 29 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank states that the TCPA and cited material speaks for themselves and denies any allegations or characterizations contrary thereto and further denies the remaining allegations in Paragraph 29.

30. The allegations set forth in the Paragraph 30 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank states that the TCPA and cited material speaks for themselves and denies any allegations or characterizations contrary thereto and further denies the remaining allegations in Paragraph 30.

31. The allegations set forth in the Paragraph 31 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank states that the TCPA and cited material speaks for themselves and denies any allegations or characterizations contrary thereto and further denies the remaining allegations in Paragraph 31.

**FACTUAL ALLEGATIONS**

32. Credit One Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32.

33. Credit One Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33.

34. The allegations set forth in the Paragraph 34 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank states that the TCPA and its promulgating regulations speak for themselves and denies any allegations or characterizations contrary thereto and further denies the remaining allegations in Paragraph 34.

35. Credit One Bank denies the allegations contained in Paragraph 35.

36. Credit One Bank denies the allegations contained in Paragraph 36.

37. Credit One Bank denies the allegations contained in Paragraph 37.

38. Credit One Bank denies the allegations contained in Paragraph 38.

39. Credit One Bank denies the allegations contained in Paragraph 39.

40. Credit One Bank denies the allegations contained in Paragraph 40.

41. Credit One Bank denies the allegations contained in Paragraph 41.

42. Credit One Bank denies the allegations contained in Paragraph 42.

43. Credit One Bank denies the allegations contained in Paragraph 43, to the extent those allegations suggest that Credit One uses an ATDS that is restricted by the TCPA in placing any calls or texts to its customers.

44. Credit One Bank denies the allegations contained in Paragraph 44.

45. Credit One Bank denies the allegations contained in Paragraph 45.

46. Credit One Bank denies the allegations contained in Paragraph 46.

47. Credit One Bank denies the allegations contained in Paragraph 47.

48. Credit One Bank denies the allegations contained in Paragraph 48.

49. Credit One Bank denies the allegations contained in Paragraph 49.

## CLASS ALLEGATIONS

50. Credit One Bank admits only that Plaintiff is attempting to bring this action in both an individual capacity and on behalf all others similarly situated. Credit One Bank denies that this action is susceptible to class treatment under Federal Rule of Civil Procedure ("FRCP") 23 and denies that Plaintiff is entitled to any relief individually or on behalf of any putative class.

51. Credit One Bank admits only that Plaintiff's putative class definitions seek to exclude Credit One Bank its subsidiaries or affiliates, directors, officers and employees and the Judge assigned to this case and any of their family members but denies the remaining allegations in Paragraph 51 and specifically denies that this action is susceptible to class treatment under FRCP 23.

52. The allegations set forth in the Paragraph 52 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank admits only that Plaintiff purports to reserve the right to modify the classes contained in Paragraph 52 but reserves its right to object to such an amendment at an appropriate time.

53. The allegations in the Paragraph 53 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations contained in Paragraph 53, and specifically denies that it engages in "telephone sales campaign[s]," and that this action is susceptible to class treatment under FRCP 23.

54. The allegations set forth in the Paragraph 54 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations in Paragraph 54 and specifically denies that this action is susceptible to class treatment under FRCP 23.

55. The allegations set forth in the Paragraph 55 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations in Paragraph 55 and specifically denies that this action is susceptible to class treatment under FRCP 23.

56. The allegations set forth in the Paragraph 56 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations in Paragraph 56 and specifically denies that this action is susceptible to class treatment under FRCP 23.

57. The allegations set forth in the Paragraph 57 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations in Paragraph 57 and specifically denies that this action is susceptible to class treatment under FRCP 23.

58. The allegations set forth in the Paragraph 58 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One

Bank denies the allegations in Paragraph 58 and specifically denies that this action is susceptible to class treatment under FRCP 23.

59. The allegations set forth in the Paragraph 59 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations in Paragraph 59 and specifically denies that this action is susceptible to class treatment under FRCP 23.

60. The allegations in the Paragraph 60 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations contained in Paragraph 60, and specifically denies that it makes calls or texts to consumers without consent and that this action is susceptible to class treatment under FRCP 23.

61. The allegations in the Paragraph 61 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations contained in Paragraph 61, and specifically denies that it makes calls or texts to consumers on the National Do-Not-Call Registry without consent and that this action is susceptible to class treatment under FRCP 23.

62. The allegations in the Paragraph 62 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations contained in Paragraph 62, and specifically denies that it makes calls or texts to consumers that revoked consent to be contacted and that this action is susceptible to class treatment under FRCP 23.

63. The allegations set forth in the Paragraph 63 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations in Paragraph 63 and specifically denies that this action is susceptible to class treatment under FRCP 23.

64. The allegations set forth in the Paragraph 64 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations in Paragraph 64 and specifically denies that this action is susceptible to class treatment under FRCP 23.

65. The allegations in the Paragraph 65 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations contained in Paragraph 65, and specifically denies that violated the TCPA, and that this action is susceptible to class treatment under FRCP 23.

## CAUSES OF ACTION

## COUNT I
## VIOLATIONS OF THE TCPA 47 U.S.C. §227(b)
## (On Behalf of Plaintiff and the No Consent Class)

66. Credit One Bank repeats and incorporates its responses to paragraphs 1 through 65 as if fully set forth herein.

67. Credit One Bank states that the TCPA speaks for itself and denies any allegations or characterizations contrary thereto.

68. Credit One Bank denies the allegations contained in Paragraph 68.

69. Credit One Bank denies the allegations contained in Paragraph 69. Credit One Bank specifically denies that it makes phone calls without requisite consent and specifically denies that it ever called Plaintiff, let alone with marketing calls or texts (as Credit One does not telemarket).

70. The allegations set forth in Paragraph 70 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations in Paragraph 70, and specifically denies that it uses any equipment considered to

be an ATDS, that it ever called Plaintiff at all, and that it makes phone calls or places text without required consents.

71. The allegations set forth in Paragraph 71 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations in Paragraph 71, and specifically denies that it uses any equipment considered to be an ATDS as defined by the TCPA.

72. The allegations set forth in Paragraph 72 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations in Paragraph 72, and specifically denies that Plaintiff or the proposed classes are entitled to any relief.

Credit One Bank denies the allegations contained in the WHEREFORE clause.

**COUNT II**
**VIOLATIONS OF THE TCPA 47 U.S.C. §227(c) and 47 C.F.R. §64.1200(d)**
**(On Behalf of Plaintiff and the Internal DNC Class)**

73. Credit One Bank repeats and incorporates its responses to paragraphs 1 through 72 as if fully set forth herein.

74. Credit One Bank states that the quoted regulations speak for themselves and denies any allegations or characterizations contrary thereto.

75. Credit One Bank states that the quoted regulations speak for themselves and denies any allegations or characterizations contrary thereto.

76. Credit One Bank denies the allegations contained in Paragraph 76, especially to the extent that the allegations presume that Credit One Bank is engaged in telemarketing activities, which it is not.

77. Credit One Bank denies the allegations contained in Paragraph 77, especially to the extent that the allegations presume that Credit One Bank is engaged in telemarketing activities, which it is not.

78. Credit One Bank denies the allegations contained in Paragraph 78 and specifically denies that it ever called Plaintiff (let alone with telemarketing calls or texts), and any allegations that it would need to provide training required for telemarketing calls.

79. The allegations in Paragraph 79 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations in Paragraph 79.

80. The allegations in Paragraph 80 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations in Paragraph 80, and specifically denies that Plaintiff or any purported class member is entitled to any damages.

81. The allegations in Paragraph 81 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations in Paragraph 81, and specifically denies that Plaintiff or any purported class member is entitled to any damages.

Credit One Bank denies the allegations contained in the WHEREFORE clause.

**COUNT III**
**VIOLATIONS OF THE TCPA 47 U.S.C. §227(c) and 47 C.F.R. §64.1200(d)**
**(On Behalf of Plaintiff and the TCPA DNC Class)**

82. Credit One Bank repeats and incorporates its responses to paragraphs 1 through 81 as if fully set forth herein.

83. Credit One Bank states that the quoted regulations speak for themselves and denies any allegations or characterizations contrary thereto.

84. Credit One Bank states that the quoted regulations speak for themselves and denies any allegations or characterizations contrary thereto.

85. Credit One Bank states that the quoted regulations speak for themselves and denies any allegations or characterizations contrary thereto.

86. Credit One Bank states that the TCPA speaks for itself and denies any allegations or characterizations contrary thereto.

87. Credit One Bank states that the quoted regulations speak for themselves and denies any allegations or characterizations contrary thereto.

88. Credit One Bank states that the TCPA and quoted regulations speak for themselves and denies any allegations or characterizations contrary thereto.

89. The allegations in Paragraph 89 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations in Paragraph 89, and specifically denies that Plaintiff or any purported class member is entitled to any damages.

Credit One Bank denies the allegations contained in the WHEREFORE clause.

## COUNT IV
## INJUNCTIVE RELIEF

90. Credit One Bank repeats and incorporates its responses to paragraphs 1 through 89 as if fully set forth herein.

91. The allegations in Paragraph 91 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations in Paragraph

91 and specifically denies that it made “telephonic sales calls” or any calls to Plaintiff or that it makes any calls to Plaintiff or the putative class members without requisite consent.

92. The allegations in Paragraph 92 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations in Paragraph 92, and specifically denies that it made “telephonic sales calls” or any calls or text messages using an ATDS as defined by the TCPA.

93. The allegations in Paragraph 93 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations in Paragraph 93 and specifically denies that it made "unsolicited telephonic sales calls," or any calls to Plaintiff, that it uses an ATDS as defined by the TCPA, or that it makes any calls without requisite consent.

94. Credit One Bank denies the allegations contained in Paragraph 94.

95. The allegations in Paragraph 95 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations contained in Paragraph 95, and specifically denies that Plaintiff or the proposed classes have been damaged in any way.

96. The allegations in Paragraph 96 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations contained in Paragraph 96, and specifically denies it ever called Plaintiff.

97. The allegations in Paragraph 97 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations contained in Paragraph 97, and specifically denies that it places “illegal telephonic sales calls and/or text messages.”

98. The allegations in Paragraph 98 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations contained in Paragraph 98, and specifically denies that it places "illegal telephonic sales calls."

99. The allegations in Paragraph 99 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations contained in Paragraph 99.

100. The allegations in Paragraph 100 contain legal conclusions for which no response is required. To the extent a response is required, Credit One Bank denies the allegations contained in Paragraph 100 and specifically denies that it makes “telephonic sales calls” or that it makes any calls without requisite consent.

Credit One Bank denies the allegations contained in the WHEREFORE clause.

## PRAYER FOR RELIEF

Credit One Bank denies that Plaintiff is entitled to any of the relief sought in his Prayer for Relief, the WHEREFORE clause, all of its sub-parts, and to any relief whatsoever from Credit One Bank.

## GENERAL DENIAL

Any averment or paragraph in the Complaint that is not specifically and explicitly admitted in this Answer is denied by Credit One Bank.

## JURY DEMAND

Credit One Bank admits that Plaintiff demands a trial by jury on all claims so triable. Credit One Bank reserves its rights to object at an appropriate time.

## AFFIRMATIVE AND OTHER DEFENSES

By setting forth these affirmative defenses, Credit One Bank does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to Plaintiff. Credit One Bank reserves the right to assert additional defenses upon discovery of further information regarding Plaintiff's claims and upon the development of other relevant information.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff cannot bring a claim because he did not receive any calls or text messages from or on behalf of Credit One Bank.

### Third Affirmative Defense

Plaintiff's and the putative class members' purported claims are barred, in whole or in part, because they are not residential telephone subscribers.

### Fourth Affirmative Defense

Plaintiff's and the putative class members' purported claims are barred, in whole or in part, because text messages are not "telephone calls" under the TCPA.

### Fifth Affirmative Defense

Plaintiff's and the putative class members' purported claims are barred because Credit One Bank complied with all applicable statutes and regulations.

### Sixth Affirmative Defense

Plaintiff's and the putative class members' purported claims are barred, in whole or in part, by the doctrines of laches, unclean hands, and waiver.

**Seventh Affirmative Defense**

Plaintiff's and the putative class members' purported claims under the TCPA are unconstitutional.

**Eighth Affirmative Defense**

Plaintiff's and the putative class members' purported claims against Credit One Bank are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

**Ninth Affirmative Defense**

Credit One Bank alleges that Plaintiff and the putative class members have expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff and the putative class members are barred from pursuing claims alleged in the Complaint.

**Tenth Affirmative Defense**

Plaintiff's and the putative class members' attempt to hold Credit One Bank liable for alleged violations of the TCPA for the alleged conduct of a third party has no basis in fact or law.

**Eleventh Affirmative Defense**

Plaintiff and the putative class members lack standing to assert the claims alleged in the Complaint.

**Twelfth Affirmative Defense**

Credit One Bank asserts that Plaintiff and each putative class member maintained an established business relationship with the caller.

**Thirteenth Affirmative Defense**

Credit One Bank alleges that by Plaintiff's each putative class members' conduct,

representations, and omissions, upon which Credit One Bank or others detrimentally relied, Plaintiff and the putative class members are equitably estopped from asserting any claim for relief against Credit One Bank.

**Fourteenth Affirmative Defense**

Credit One Bank alleges that Plaintiff and the putative class members are not entitled to any relief because Credit One Bank's conduct did not proximately cause any damages, injury, or loss to Plaintiff or any putative class member.

**Fifteenth Affirmative Defense**

Credit One Bank alleges that granting Plaintiff's and the putative class members' demand would result in unjust enrichment, as Plaintiff and any putative class member would receive more money than he or she is entitled to receive.

**Sixteenth Affirmative Defense**

The damages Plaintiff and the putative class members seek violate the Due Process Clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

**Seventeenth Affirmative Defense**

Plaintiff's and the putative class members' purported claims are barred because the calls about which it complains constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability for such calls would violate its First Amendment rights.

**Eighteenth Affirmative Defense**

Credit One Bank alleges that granting Plaintiff's and the putative class members' demand would result in unjust enrichment, as Plaintiff and any putative class member would receive more

money than he or she is entitled to receive.

**Nineteenth Affirmative Defense**

Plaintiff's and the putative class members' purported claims are barred because Credit One Bank did not engage in willful and/or knowing misconduct.

**Twentieth Affirmative Defense**

All of the alleged rights, claims, and obligations that Plaintiff and the putative class members seek to enforce against Credit One Bank are barred in whole or in part by the doctrine of estoppel as a result of their conduct, agreement, or otherwise.

**Twenty-First Affirmative Defense**

Plaintiff's and each putative class member's purported claims for relief are barred because they fail to satisfy the requirements for class certification under FRCP 23.

**Twenty-Second Affirmative Defense**

Credit One Bank reserves the right to assert any and all additional defenses of which Credit One Bank becomes aware during the course of this lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE, Credit One Bank respectfully prays to the Court as follows:

1. That the Court order that Plaintiff have and recover nothing from Credit One Bank;

2. That the Court enter Judgment in favor of Credit One Bank and dismiss Plaintiff's Complaint with prejudice;

3. That the Court award to Credit One Bank its expenses, costs, and attorneys' fees; and

4. That the Court award such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 16th day of March, 2026

By: */s/ Matthew C. Luzadder*

Matthew C. Luzadder (FL Bar No. 11286)
333 West Wacker Drive, Suite 2600
Chicago, IL 60606
Tel: (312) 857-7070
Fax: (312) 857-7095
mluzadder@kelleydrye.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 16, 2026, I electronically filed the foregoing via the CM/ECF system, which will send a notice of electronic service to all counsel of record and to all parties involved.

*/s/ Matthew C. Luzadder*
Matthew C. Luzadder